FILED
United States Court of Appeals
Tenth Circuit

February 4, 2019

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JOSE ALEMAR,

     Plaintiff - Appellant,

v.

RICK RAEMISCH, Colorado Department
of Corrections Executive Director,

     Defendant - Appellee.

No. 18-1245
(D.C. No. 1:17-CV-03183-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT*
_____

Before **HARTZ**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Jose Alemar, a pro se Colorado inmate, appeals the dismissal of his civil rights

action brought under 42 U.S.C. § 1983.  We affirm the district court's judgment.

I

On December 29, 2017, Alemar sent the district court a letter seeking an

unspecified injunction.  The court initiated this action but directed Alemar to file a

complaint, explaining it could not issue an injunction without a complaint.  On

_____

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

March 19, 2018, Alemar filed an amended complaint, alleging that on May 3, 2012, he was terminated from Colorado's inmate sex offender treatment and monitoring program in violation of his due process rights. He alleged that he was told he could re-enter the program within 60 days, but instead he was placed on restricted privileges and transferred to another facility. He sought an injunction to stop the program and $75,000 in damages for every month he remained in prison.

On screening, a magistrate judge directed Alemar to show cause why the action should not be dismissed under the governing 2-year statute of limitations, noting the statute of limitations defense was obvious from the face of the complaint. Alemar responded that he was unaware of the statute of limitations, he was preoccupied with challenging his conviction, he had to research his case and file multiple grievances, his prison law library was inadequate, and he was repeatedly transitioned between different cells and units. The district court rejected this explanation, dismissed the suit as time-barred, and ruled that Alemar's claim for damages was premature under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Alemar appealed, but he does not contest the district court's decision. Rather, he simply reargues the merits of his claims, without addressing the court's holdings that his suit was untimely, tolling was unavailable, and his claim for damages was premature under *Heck*.

## II

We review the district court's dismissal de novo. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). "The first task of an appellant is to explain to us why

2

the district court's decision was wrong." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Although we afford a pro se litigant's materials a liberal construction, we cannot serve as his attorney by crafting arguments on his behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005). The failure to advance adequate legal arguments, with proper citations to the record and governing legal authorities, ordinarily waives appellate review, even for pro se litigants. *See id.*

Alemar's failure to present any proper legal argument waives our consideration of the district court's conclusions. But even if we considered those conclusions, there was no error. The court recognized the statute of limitations for a § 1983 action is set by state law, although federal law prescribes when the action accrued. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). In Colorado, the statute of limitations for a § 1983 action is 2 years. *Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010). A § 1983 action "accrues when the facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotation marks omitted).

As the district court explained, Alemar alleged he was terminated from the inmate sex offender program on May 3, 2012, and he was not readmitted within 60 days. His claim accrued at that time, when he knew or should have known of his alleged injuries. Yet he waited until December 2017 to initiate this action and did not file his amended complaint until March 2018, well beyond the 2-year statute of limitations. Under these circumstances, the suit was untimely.

3

Moreover, the district court correctly determined that equitable tolling did not save the action. The court noted that Colorado authorizes equitable tolling "when plaintiffs did not timely file their claims because of extraordinary circumstances or because defendants' wrongful conduct prevented them from doing so," *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks omitted). But the court recognized that none of Alemar's explanations for his delayed filing suggested wrongful conduct by defendant or extraordinary circumstances. *Cf. id.* at 1258-59 (holding allegations that defendants locked plaintiff "in his cell 23 hours a day for 5 days a week and 24 hours the other [2] days with no access to, *inter alia*, law library clerks or prison lawyers" might qualify as extraordinary circumstances to justify equitable tolling). Further, the court correctly observed that Colorado requires a litigant to diligently pursue his claims, *see Braxton*, 614 F.3d at 1161, though none of Alemar's allegations demonstrated he did so. Thus, the district court properly concluded that tolling was unavailable and the suit was time-barred.

To the extent Alemar sought injunctive relief, the district court recognized he sought "to halt the DOC sex offender treatment program because it is not designed to rehabilitate offenders." R. at 108. Under *Ex parte Young*, 209 U.S. 123 (1908), "[t]he Eleventh Amendment does not . . . bar a suit brought in federal court seeking to prospectively enjoin a state official from violating federal law." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Although Alemar has never fully developed this issue, his pleadings in the district court suggest the claim is premised upon the notion that the program doesn't comport with or effectuate state law, which is beyond

4

the scope of *Young*. *See id.* at 1553 (holding that, notwithstanding *Young*, "the Eleventh Amendment bars suits brought in federal court seeking to enjoin a state official from violating *state* law"). Alemar cites *Young* in his brief on appeal, *see* Aplt. Br. at 17, but he merely reasserts his claim without explaining how it seeks prospective injunctive relief under *Young*. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (holding that failure to adequately present argument in opening brief forfeits appellate consideration of the issue). Given these circumstances and Alemar's limited allegations, the claim is barred by the Eleventh Amendment.

Additionally, Alemar sought $75,000 for every month he remained in prison, but the district court correctly concluded his claim for damages was premature under *Heck*. In *Heck*, the Supreme Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." 512 U.S. at 481. As a consequence,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487. Under *Heck*, the accrual of a claim for damages is deferred until the conviction or sentence has been invalidated. *See Wallace*, 549 U.S. at 392-93.

Applying *Heck*, the district court correctly recognized that Alemar's damages claim for his alleged wrongful incarceration necessarily implies that his conviction

5

and sentence are invalid. And because his conviction and sentence have not been set aside, the court properly determined the damages claim was premature. Accordingly, the court correctly dismissed the claim under *Heck*.

                                                    III

The district court's judgment is affirmed. Alemar's "Motion to Drops Claims against C.D.O.C. 'Providing: Consequences of termination from program[']" [sic] is denied as moot, as is his pleading entitled, "Emergency-Amendment in form of Mandamus." To the extent Alemar requests that we appoint counsel, his request is denied. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) (noting court may only request counsel to take a case contingent on "the merits of the claims, the nature of the claims, [the litigant's] ability to present the claims, and the complexity of issues"). Finally, Alemar's motion to proceed on appeal without prepayment of fees is granted. The relevant statute, 28 U.S.C. § 1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees. Though we have disposed of this matter on the merits, Alemar remains obligated to pay all filing and docketing fees, and he must continue making partial payments until the entire fee is paid in full.

Judge Hartz concurs in the result.

                                                    Entered for the Court


                                                    Nancy L. Moritz
                                                    Circuit Judge